# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DOUGLAS JEROME THOMAS, JR.,** | )<br>) |
| Plaintiff, | ) Case No. 7:19CV00513<br>) |
| v. | ) **OPINION**<br>) |
| | ) By: James P. Jones |
| **GEORGE LEE LOVING, ET AL.,** | ) United States District Judge<br>) |
| Defendants. | ) |

*Douglas Jerome Thomas, Jr., Pro Se Plaintiff.*

The plaintiff, Douglas Jerome Thomas, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Upon review of the complaint, I conclude that the action must be summarily dismissed.

The complaint makes these allegations:

On May 17, 2019, George Lee Loving accused [Thomas] of assaulting him with a sheet. [Thomas] was segregated for (5) days and brought criminal charges. On June 21, 2019, the criminal charge was dismissed due to insufficient evidence to pursue the charge. [Thomas's] attorney informed [him] that the Major in charge contacted the prosecutor's office and let them know what had happened. After reviewing the video footage of the incident, the Site Administrator of Blue Ridge Regional Jail acknowledged no assault occurred. . . . [Thomas has] a copy of the incident report where George Lee Loving accuse[d Thomas] of balling the sheet up and throwing it in his chest. . . . This incident also occur[r]ed during the month of Ramadan. [Thomas] explained to George Lee Loving that the sheet [he] had was being used as [his] prayer rug. He disregarded that fact and demanded the sheet anyway. Video footage will also

> show other inmates in possession of sheets, towels, etc., yet [Thomas] was the only individual antagonized.

Compl. 2–4, ECF No. 1. Thomas also alleges that without the video footage, he "may have been punished, prosecuted, and convicted for something that did not happen." *Id.* at 3. He contends that Loving must be "held responsible for fabricating this incident." *Id.* at 3–4. As relief, Thomas seeks "nominal, punitive, compensatory and an injunction." *Id.* at 2.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Supervisory officials may not be held automatically liable for the unconstitutional conduct of their subordinates. *Id.* Thomas fails to describe any action whatsoever that defendant Espinoza took in violation of his constitutional rights and thus states no claim against this defendant.

The Complaint alleges that defendant Loving characterized Thomas's actions on May 17, 2019, as an assault, but officials reviewing the video later disagreed with this characterization. Thomas was not prosecuted, convicted, or punished for an assault. At the most, as a result of the assault charge, Thomas was held in segregated confinement for five days. Although Thomas does not identify a constitutional right that he believes Loving's actions violated, I construe his submission as claiming a temporary deprivation of liberty without due process.

"To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). The Constitution itself does not create "a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, to prove that he had a protected liberty interest in avoiding segregated confinement, Thomas must (a) "point to a Virginia law or policy providing him with an expectation of avoiding the conditions of his confinement," and (b) "demonstrate that those conditions are harsh and atypical in relation to the ordinary incidents of prison life," *Prieto*, 780 F.3d at 252, or "will inevitably affect the duration" of his confinement. *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

Thomas's allegations do not make the required showings. He does not describe conditions in segregation that differed significantly from living conditions in other sections of the jail. Mere limitations on privileges, property, and activities for an administratively segregated inmate "in response to [suspected] misconduct fall[] within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. Accordingly, Thomas does not show that the brief period he spent in segregation conditions while under investigation for an alleged assault was so harsh or atypical as to create a protected liberty interest. Thomas also does not allege that Loving's actions had any effect on the duration of his confinement. Because Thomas fails to state facts showing deprivation of any protected liberty interest, he has stated no due process claim against Loving.

For the stated reasons, I will summarily dismiss this case, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.[1]

A separate Order will be entered herewith.

DATED: August 14, 2019

/s/ *James P. Jones*
United States District Judge

---

[1] Because I conclude that Thomas's civil action must be summarily dismissed, I will dismiss his pending motion for interlocutory injunctive relief as moot.